**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAIAS BOCH-UYU, | No. 10-72351 |
| Petitioner, | Agency No. A087-990-804 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Isaias Boch-Uyu, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The record does not compel the conclusion that Boch-Uyu established extraordinary circumstances to excuse the nearly twenty-four year delay in filing his asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *Dhital v. Mukasey*, 532 F.3d 1044, 1049–50 (9th Cir. 2008). Accordingly his asylum claim fails.

With respect to withholding of removal, substantial evidence supports the agency's finding that Boch-Uyu failed to demonstrate that two of the three incidents of harm he suffered – a shooting by a police officer and a robbery by unknown masked men – had a nexus to a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2008) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution . . . ."); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (random criminal acts do not establish persecution). Substantial evidence also supports the BIA's finding that the third incident, in which soldiers called him names, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). In addition, substantial evidence supports the BIA's finding that Boch-Uyu failed to establish it is more likely than not he would be

persecuted if he returned to Guatemala. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (when petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution").

Finally, substantial evidence supports the BIA's determination that Boch-Uyu is not eligible for CAT relief, because he failed to show it is more likely than not he would be tortured if removed to Guatemala. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**